UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GEORGE HYLAK,

    Plaintiff,                                                        Case No. 1:07-cv-421

v.                                                                  Hon. Wendell A. Miles

JEFFREY A. BIESZK (In Individual Capacity),
DUE NORTH SURVEYING, INC. (A Michigan Corporation),
ANN MARIE MORIARTY, and SCOTT KUGLER,

    Defendants.
_____/


ORDER DENYING PLAINTIFF'S MOTIONS FOR SERVICE BY U.S. MARSHAL
AND FOR PRELIMINARY INJUNCTION,
AND REQUIRING PLAINTIFF TO BRIEF ISSUE OF JURISDICTION


       Plaintiff, who is *pro se*, filed this action on April 27, 2007.  The complaint is captioned "Complaint for Fraud (Survey Report, Concealing Federal Boundary) and Breach of Statutory Duty (MCL 750.248 and Michigan Public Act 132 of 1970) for Trespass, and for Easement, Providing Ingress and Egress to Riparian Realty, Which is Landlocked."  Plaintiff, who lists his address as a post office box in Lansing, Michigan, alleges that he is the owner of real property located in Hillsdale County, Michigan.  His complaint asserts various state law claims against four defendants, who include a Michigan corporation, two individuals who plaintiff alleges also own real property in Hillsdale County, Michigan, and one individual who plaintiff alleges is a surveyor.  The defendants have not yet appeared or been served.  Plaintiff has filed motions seeking service by the United States Marshal and a preliminary injunction.

       For the reasons to follow, the court DENIES both motions.

**Discussion**

The factors to be considered by a district court in deciding whether to grant a preliminary injunction are well-established: "(1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction." Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994). However, the court cannot consider the first factor – the merits of plaintiff's claims – unless it has subject matter jurisdiction over this matter. Because it is not apparent to the court that it has subject matter jurisdiction over this dispute, the court must necessarily deny plaintiff's motion for preliminary injunction at this time. In addition, plaintiff's motion is not accompanied by a supporting brief as required by W.D.Mich.L.Civ.R. 7.1(a), which provides a less important yet sufficient basis for the denial of his request for extraordinary relief.

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 606-07 (6th Cir.1998) (citations omitted). Thus, "[q]uite aside from whether the parties raise jurisdictional issues themselves - or even attempt to consent or agree to federal jurisdiction - federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." Id. at 607. Lack of subject matter jurisdiction is a nonwaivable defect which may be raised *sua sponte* by a federal court at any point in the proceedings. Ambrose v. Welch, 729

F.2d 1084, 1085 (6th Cir. 1984).  "The district court has the inherent power to dismiss *sua sponte* for want of jurisdiction." In re Prevot, 59 F.3d 556, 565 (6th Cir.1995).  Indeed, Fed.R.Civ.P. 12(h)(3) expressly provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  A party seeking to avoid dismissal bears the burden of proving subject matter jurisdiction.  See, e.g., Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir.1990).

The complaint's only allegation pertaining to jurisdiction is that "the amount in controversy exceeds the jurisdictional minimum for this tribunal and the subject matter concerns a boundary, established by the federal government, Bureau of Land Management (before the State of Michigan was even originated)[.]"  Complaint, ¶ 2 (emphasis in original).  However, it is not apparent to the court, based upon this allegation and the remaining allegations of the complaint, that the requirements for federal question jurisdiction under 28 U.S.C. § 1331 are satisfied.[1]

Plaintiff also moves for an order appointing of the United States Marshal to complete service.  Generally, the plaintiff is responsible for service of the summons and complaint.  Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996);  Fed.R.Civ.P. 4(c)(1).  However, at the request of the plaintiff, "the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose."  Fed.R.Civ.P. 4(c)(2).  Although "[s]uch an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed

---

[1]Because the caption of plaintiff's complaint identifies the corporate defendant as a Michigan corporation, it is apparent that complete diversity is not present, and therefore there is no jurisdiction under 28 U.S.C. § 1332.

as a seaman under 28 U.S.C. § 1916[,]" see Byrd, 94 F.3d at 219 ("Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint"), plaintiff is neither proceeding in forma pauperis nor is he proceeding as a seaman.  Instead, he asks the court to order service by the Marshal because, he alleges, "Defendants have demonstrated a proclivity for aggressive behavior . . . including a disregard for operative legal authority and physical confrontation, indicating a prudent need for law enforcement presence or participation." Ex Parte Motion for Appointment of US Marshal, for Service of Process, ¶ 1.

Although plaintiff's motion is unsupported by affidavit, he refers to various exhibits attached to the complaint in support of his request.  These exhibits merely consist of letters authored by plaintiff to various persons.  Nothing in the exhibits substantiates that the defendants have exhibited "aggressive behavior."  In addition, the court is reluctant to order service of process by the Marshal when the complaint raises such serious concerns regarding whether this court even has subject matter jurisdiction.  Finally, it is noted that like his motion for preliminary injunction, plaintiff's motion for service is not accompanied by the brief required by Local Rule 7.1(a), which is a sufficient basis in itself for denial of the motion.

    IT IS THEREFORE ORDERED as follows:

    1.  Plaintiff's motions are DENIED without prejudice at this time.

    2.  If plaintiff seeks to avoid dismissal of this matter under Fed.R.Civ.P. 12(h)(3), he

shall, **by not later than 14 days after the date of issuance of this Order,** file a written brief, not to exceed 10 pages, explaining the factual and legal bases for his assertion that the court has federal question subject matter jurisdiction over this dispute under 28 U.S.C. § 1331. Plaintiff's brief shall cite to any and all federal statutes – other than § 1331 itself – which he contends provide the basis for this jurisdiction. <u>Plaintiff is hereby notified that his failure to provide the basis for federal subject matter jurisdiction as required by this paragraph will result in the dismissal of this action without prejudice.</u>

So ordered this 3rd day of May, 2007.

 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge
